SNITOW KANFER HOLTZER & MILLUS, LLP
575 Lexington Avenue
New York, New York 10022
(212) 317-8500

Franklyn H. Snitow (FHS 7414)
Alan Heblack (AH 1219)

Attorneys for Defendant
IROQUOIS HOTEL, L.L.C.

**THIS DOCUMENT WAS FILED ELECTRONICALLY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

ACCESS 4 ALL, INC., a Florida not for profit corporation, and PETER SPALLUTO, Individually,

                Plaintiffs,

vs.

IROQUOIS HOTEL, L.L.C., a New York Limited Liability Company,

                Defendant.

------------------------------------------x

07 CV 8302 (DC)

**ANSWER**

        Defendant, Iroquois Hotel, LLC ("Iroquois" or "Defendant"), by its attorneys, Snitow Kanfer Holtzer & Millus, LLP, for its Answer to the Complaint of Access 4 All, Inc. and Peter Spalluto (collectively, "Plaintiffs"), states as follows:

        1.     Denies having knowledge or information sufficient to form a belief concerning the truth of the allegations contained in paragraph 1 of the Complaint.

    2. Denies having knowledge or information sufficient to form a belief concerning the truth of the allegations contained in paragraph 2 of the Complaint.

    3. Admits only that the Iroquois Hotel is located at 49 West 44th Street, New York, New York.

    4. Admits that the Iroquois Hotel is located in the Southern District of New York and leaves all questions of jurisdiction and venue to the Court for determination.

    5. Admits only that this Court has jurisdiction over claims arising from the Americans With Disabilities Act ("ADA"), but, except as so admitted, leaves all questions of jurisdiction to this Court for determination.

    6. Denies having knowledge or information sufficient to form a belief as to the residence of Plaintiff Peter Spalluto, whether he visited the Iroquois Hotel at any time, and, whether he is an individual with disabilities as defined by the ADA and, except as to those allegations for which the Defendant lacks sufficient knowledge or information, denies the allegations contained in paragraph 6 of the Complaint.

    7. Denies having knowledge or information concerning where Plaintiff Access 4 All, Inc. is incorporated, whether it is a non-profit corporation, the composition of its membership and the purpose of the Plaintiff organization, and, except as to those allegations for which Defendant lacks sufficient knowledge or information, denies the allegations contained in paragraph 7 of the Complaint.

    8. Admits only that Defendant operates the Iroquois Hotel pursuant to a lease and that Defendant is in compliance with the ADA and applicable regulations and, except as so admitted denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint

14. Defendant denies the allegations contained in paragraph 14 of the Complaint

15. Defendant denies the allegations contained in paragraph 15 of the Complaint

16. Defendant denies the allegations contained in paragraph 16 of the Complaint

17. Defendant denies the allegations contained in paragraph 17 of the Complaint

**FIRST AFFIRMATIVE DEFENSE**

18. The Complaint fails to state a claim against the Defendant.

**SECOND AFFIRMATIVE DEFENSE**

19. Plaintiffs lack standing to assert these claims against Defendant.

### THIRD AFFIRMATIVE DEFENSE

20. The Defendant is now, and, at all relevant times, has been in compliance with all applicable laws, regulations and standards.

### FOURTH AFFIRMATIVE DEFENSE

21. The Iroquois Hotel was built prior to the effective date of the ADA and is an existing facility as that term is used in the ADA and Code of Federal Regulations.

22. Any alterations performed or constructed on the Iroquois Hotel since 1992 have not affected the usability of the facility.

23. Pursuant to the ADA and Code of Federal Regulations, in an existing facility that has not undergone alterations that affect its usability, the removal of architectural barriers that are structural in nature is required only when such removal is readily achievable.

24. The removal of any architectural barriers in the Iroquois Hotel is not readily achievable.

### FIFTH AFFIRMATIVE DEFENSE

25. Even in a facility that has undergone alterations that affect its usability, if compliance with the ADA and the Code of Federal Regulations is technically infeasible, the alteration is required only to provide accessability to the maximum extent feasible.

26. Any alterations at the Iroquois Hotel have provided accessibility to the maximum extent feasible.

WHEREFORE, Defendants demand that the Complaint be dismissed, that Defendant be awarded the costs and disbursements of this action and for such other and further relief as this Court deems appropriate.

Dated: New York, New York
      October 29, 2007

                                      SNITOW KANFER
                                      HOLTZER & MILLUS, LLP

                                  By: s / Franklyn H. Snitow

                                    Franklyn H. Snitow (FHS7414)
                                    575 Lexington Avenue - 14th Floor
                                    New York, New York 10022
                                    (212) 317-8500

                                    Attorneys for Defendant
                                    Iroquois Hotel LLC

TO:    FULLER, FULLER & ASSOCIATES, P.A.
          12000 Biscayne Boulevard, Suite 609
          North Miami, Florida 33181
          (305) 891-5199

          Attorneys for Plaintiff
          Access 4 All, Inc.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

EUGENE SOTO, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Suffolk County, State of New York, that on October 29, 2007, deponent served a true copy of the within Answer and Rule 7.1 Statement in a first class post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York and addressed to the following counsel of record:

>Fuller, Fuller and Assoc., P.A.
>12000 Biscayne Boulevard, Suite 609
>North Miami, Florida 33181

_____
EUGENE SOTO

Sworn to before me this
29th day of October, 2007

_____
Notary Public

JUDY H. KIM
Notary Public, State Of New York
No. 02KI6059421
Qualified In New York County
Commission Expires October 29, 2009