UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, and PETER SPALLUTO, Individually,

        Plaintiffs,

v.

IROQUOIS HOTEL, L.L.C., a New York Limited Liability Corporation,

        Defendant.

-----------------------------------------------------------x

Case No.: 1:07-CV-8302-UA

**REPORT OF RULE 26(f) PLANNING MEETING**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f)

| DEADLINE OR EVENT | | AGREED DATE |
|---|---|---|
| Rule 7.1 Disclosure Statement | | **December 17, 2007** |
| Disclosure of Experts Reports | Plaintiffs: | **April 22, 2008** |
| | Defendant: | **April 30, 2008** |
| Discovery Deadline | | **May 30, 2008** |
| Joint Final Pretrial Statement | | |
| Dispositive Motions, *Daubert*, and *Markman* Motions | | **July 18, 2008** |
| All Other Motions Including Motions *In Limine*, Trial Briefs | | |
| Final Pretrial Conference | | |
| Trial Term Begins | | |
| Estimated Length of Trial | | **Plaintiff est. 1 day; Defendant est. 3 days.** |
| Jury / Non-Jury | | **Non Jury** |

**I.     PRE-DISCOVERY INITIAL OF CORE INFORMATION**

    A.     Fed.R.Civ.P. 26(a)(1)(C) - (D) Disclosures

The parties ____ have exchanged _✓_ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(C) - (D)

____ on _✓_ by (check one) January 21, 2007.

    B.     Fed.R.Civ.P. 26(a)(1)(A) - (B) Disclosures

The parties ____ have exchanged ___✓___ agree to exchange (check one)

Information referenced by Fed.R.Civ.P. 26(a)(1)(A) - (B) ____ on _✓_ by (check one) January 21, 2007.

**II.    AGREED DISCOVERY PLAN FOR PLAINTIFFS AND DEFENDANTS**

A.     Rule 7.1 Disclosure Statement.

    Each party shall file and serve a Rule 7.1 Disclosure Statement. No party may seek discovery from any source before filing and serving a Rule 7.1 Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Rule 7.1 Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

    Every party that has appeared in this action to date has filed and served a Rule 7.1 Disclosure Statement, which remains current:

_✓_ Yes
____ No                         No Amended Certificate will be filed.

B.     Limits on Discovery –

    Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

   (a.) It is anticipated the Plaintiff will depose the corporate representative of the Defendant with the most knowledge regarding (1) ADA complained; (2) construction and improvements made to the Defendant's facility since 1992; (3) financial status of the Defendant; and (3) Defendant's experts, if any.

   (b.) Defendant intends to depose witnesses in accordance with the Federal Rules of Civil Procedure and the Local Rules, including but not limited to, Plaintiff, expert witnesses, if any, designated by the plaintiff, and such other witnesses discovered in the course of the discovery process.

Interrogatories

   (a.) Plaintiff will utilize interrogatories to determine the identity of witnesses and the availability of documents. The initial interrogatories will be served after filing this report, but in no event later than 33 days prior to any discovery cut-off agreed to by the parties or ordered by the Court.

   (b.) Defendant intends to use interrogatories in the number authorized by the applicable rules, or in such greater number as is necessary by appropriate time(s) but in no event later than 33 days prior to any fact discovery cut off agreed to by the parties or ordered by the Court.

2. Document Requests

   (a.) Plaintiff will seek inspection of the premises under Rule 34, including photographing with the Rule 34 premises inspection request will file a Request for Production of documents, but in no event later than 33 days prior to any fact discovery, cut off agreed to by the parties or ordered by the Court.

   (b.) Defendant intends to use requests for production or inspection in the manner authorized by the applicable rules at the appropriate time or times, but in no event later than 33 days prior to any fact discovery cut off agreed to by the parties or ordered by the Court.

3. Requests to Admit

   (a.) Plaintiff plans on, and reserves the right to utilize requests for admission to authenticate documents and narrow issues of fact which remain for determination by the Court, but in no event later than 33

      days prior to any fact discovery, cut off agreed to by the parties or ordered by the Court.

    (b.) Defendant intends to use requests for admission at the appropriate time, but in no event later than 33 days prior to any fact discovery cut off agreed to by the parties or ordered by the Court.

  4. Supplementation of Discovery

 C. Discovery Deadline –

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

Thirty days after the need for supplementation is known.

 D. Disclosure of Expert Testimony –

On or before the dates set forth in the above table for disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

The parties may supplement 30 days after the need for supplementation is known.

 E. Confidentiality Agreements –

Whether documents filed in this case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. A party seeking to file a document under seal must file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties will entertain stipulation to the confidentiality of proprietary information. Plaintiff is willing to work with Defendant on arriving at a mutually acceptable confidentiality agreement or the entry of a confidentiality order, confidential or proprietary material exchanged between the parties would be treated as confidential. Defendant is to provide Plaintiff with a proposed form of a confidentiality agreement to further the parties efforts in this regard.

    F.    Other Matters Regarding Discovery –

    None.

### III. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

    A.    Settlement –

The parties agree that settlement is

__✓__ likely ____ unlikely        (check one)

The parties request a settlement conference before a United States Magistrate Judge.

yes __✓__ no ____ likely to request in future

    B.    Mediation –

Absent a Court order to the contrary, the parties in every case will participate in mediation. The parties have agreed on or will attempt to agree upon, a mediator.

### IV. OTHER INFORMATION THE PARTIES DEEM HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE

    A.    <u>Statement of the Nature of the Claim</u>:

This is a suit for injunctive relief brought pursuant to the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. The Defendant is the owner of a place of public accommodation as defined under the Americans with Disabilities Act. The Plaintiff seeks an injunction requiring the removal of architectural barriers to the physically disabled that the Plaintiff contends are readily achievable. The Defendant asserts that certain modifications to the Defendant's facilities are not readily achievable, not required, or would create an undue hardship on the Defendant.

    B.    <u>Summary of issues as presently known</u>:

        1.    Whether the Defendant's property contains barriers to access as defined under the Americans with Disabilities Act.

   2.  Whether the removal of any such barriers is required or is readily achievable.

   3.  Whether the removal of the barriers, if any, would create an undue hardship on the Defendant.

   4.  Whether the Plaintiffs are entitled to attorneys' fees and costs for this action.

 C. <u>Summary of pending motions, if any</u>:

  None at this time.

 D. <u>Progress of discovery in the case, if any</u>:

The Plaintiffs will serve Interrogatories and a Request for Production. The parties will complete a full inspection of the Defendant's property with the respective representatives of the parties as well as architects. The parties shall confer regarding the disclosure requirements of Fed.R.Civ.P.(26)(a)(1-4).

 E. <u>Unique legal or factual aspects of the case</u>:

  None.

**Counsel for Plaintiffs**
**Fuller, Fuller & Associates, P.A.**
Lawrence A. Fuller, Esq. (LF 5450)
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
Tel.: (305)891-5199
Fax: (305)893-9505

By: /s/ Lawrence A. Fuller
       Lawrence A. Fuller, Esq.

       Dated: 12-7-07


**Counsel for Defendant:**
Franklyn H. Snitow, Esq.
Alan Heblack, Esq.
Snitow Kanfer Holtzer & Millus, LLP
575 Lexington Avenue -- 14th Floor
New York, NY 10022
Tel: (212)317-8500
Fax: (212)317- 1308

By:_____
       Dated:_____

*3887-NY* Rule 26(f) Report revised (jl12-10-07).wpd

# ORDER

   SO ORDERED, this _____ day of _____, 2007, in _____ County, _____, New York.


   _____
   **United States District Judge**