IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.: 1:07-CV-8302-DC

ACCESS 4 ALL, INC., a Florida Not-For-Profit
Corporation, and PETER SPALLUTO, Individually,

        Plaintiffs,

v.

IROQUOIS HOTEL, L.L.C., a New York Limited
Liability Corporation,

        Defendant.
_____/

## CONSENT DECREE

    This Consent Decree is entered into by and between ACCESS 4 ALL, INC., a Florida Not-For-Profit Corporation and PETER SPALLUTO, Individually, hereinafter sometimes referred to as "Plaintiffs," and IROQUOIS HOTEL, L.L.C., a New York Limited Liability Corporation hereinafter sometimes referred to as "Defendant," on the date last executed below.

    WHEREAS: The Defendant=s property is known as Iroquois Hotel and is located at 49 W. 44th Street, New York, NY 10036. Plaintiffs= claim that there are architectural barriers existing at the Defendant=s property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs= use of the property. Defendant does not admit any of the allegations of the Plaintiffs= Complaint, and has asserted affirmative defenses to Plaintiffs= claims. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

1.    All alterations, modifications, and policies required by this Consent Decree shall be completed prior to February 1, 2010, the reinspection date set forth below, unless a different completion date is otherwise stated herein. A final property reinspection conducted by Plaintiffs will take place on or after February 1, 2010 to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiffs= counsel, expert(s) and/or representatives shall be provided access to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby. In any event, Defendant or its counsel, shall notify Plaintiffs counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to immediate injunctive relief.

2.    Defendant shall pay Plaintiffs= counsel, Fuller, Fuller and Associates, P.A., for Plaintiffs= attorneys= fees, litigation expenses and costs incurred in this matter, and for Plaintiffs= expert fees and costs incurred in this matter. The amounts to be paid by check payable to Fuller, Fuller & Associates, P.A. by June 5, 2008, shall be $40,000.00, payable as follows:

(a) $20,000 payable by June 12, 2008;
(b) $20,000 payable by June 19, 2008.

3.     When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

4.     In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys= fees, costs and expert fees.

5.     This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

6.     The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

7.     Upon the Court=s approval of this Consent Decree and upon the Defendant=s full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act.

8.     All references to the ADAAG refer to the following:
       28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) - ADAAG

9.     The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the considered full compliance with the ADA.

10.    This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any party=s signature shall be deemed as legally binding as the original signatures.

11.    The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

12.    Iroquois Hotel, LLC shall complete all modifications and submit to Plaintiffs= counsel a report summarizing the actions it has taken pursuant to this Consent Decree by February 1, 2010.

13.    The Defendant agrees to modify the property as follows:

<u>Public and Common Use Restrooms</u>

Defendant will provide accessible, permanent, toilet room signage in compliance with ADAAG section 4.30. Defendant will lower the coat hooks in compliance with ADAAG standards 4.1., 4.25 and 4..2 . Defendant will provide side and rear grab bars in compliance with ADAAG figure 29.

Defendant will also:

- lower the mirrors to comply with ADAAG sections 4.22.6 and 4.19.4;
- insulate all sink drain pipes.

Complete by August 15, 2008.

<u>Spa and Fitness Center</u>

Defendant agrees that by December 15 2008, Defendant will:

- provide accessible permanent, signage which complies with ADAAG 4.30;
- lower the coat hook to compliant height according to ADAAG sections 4.1.3, 4.1.6, 4.25.3, 4.2.5, and 4.2.6.

<u>Access To Goods And Services</u>

Defendant agrees that by August 15, 2008, Defendant will do the following:

- provide a writing surface near the concierge desk and front counter for accessible use. The surface shall comply with ADAAG section 7.2. In the alternative, Defendant shall provide a clipboard. Defendant shall also provide compliant signage that assistance is available upon request.
- At the Triomphe restaurant, Defendant shall provide compliant signage in the bar counter area and on accessible tables stating that assistance is available upon request.
- at the public phone, provide signage directing hearing impaired individuals to the location of the TTY.

<u>Guestrooms and Suites</u>

Defendant shall provide four (4) fully compliant accessible guest rooms. One (1) of these rooms shall have a roll-in shower. Defendant shall provide one (1) fully compliant accessible guest room with a roll-in shower, by October 1, 2008 and shall provide three (3) additionally accessible guestrooms with tub seats, by February 1, 2010.

14. <u>Policies And Procedures To Be Implemented by October 1, 2008</u>

Defendant shall have in force and effect a policy that permits the use of a service animal by an individual with a disability in any area open to the general public, as well as a policy that requires any tenant to provide assistance to the disabled when products are located for sale or displayed above the permissible reach ranges specified in the ADAAG. The Defendant shall require each tenant to acknowledge the receipt of a

written document that sets forth these policies and provides space for each tenant to confirm that they will follow said policies.

Defendant shall include a procedure in employee training as well as information about assorted services provided to people with disabilities and how to use them per ' 36.302 of the ADAAG.

Defendant shall train staff on check-in procedure, when checking guests with disability such as informing them about what to do in case of a fire, asking if they need an alarm, bench, paddle key, instructions on how to use the close caption on the television, etc. during their stay.

Defendant shall also train staff to lower all the shower units (once installed), and set up the alarm kits upon check-in of a person with a disability.

Defendant shall provide the following items in alternative formats so that blind persons and persons with low visions can read them. Alternate formats include Braille, large print, and audio recordings. These items are as follows: Fire-safety information, maximum room rate information, telephone and television information cards, guest services guides, restaurant menus, room service menus and all other printed materials provided for use by guests.

Defendant shall implement a policy of advising disabled guests of the availability of ADA compliant tub seats.

Defendant staff shall use their best efforts, upon request provide assistance in completing registration information, service request forms and shall read menus, hotel bills and other documents to the guests where Braille, tape, or large print documents are not available.

When handing currency to a guest, personnel shall use their best efforts, to individually identify each bill to the customer while counting.

Credit cards shall be handed to guests after imprinting, not simply laid on a counter or table. Defendant shall also provide signature templates for use with persons who are visually impaired.

Defendant=s personnel shall give verbal descriptions, hands-on demonstrations, and/or provide tactile maps, large-print maps, or recorded materials as aids to way finding for disabled guests.

Defendant shall use its best effort to require the central reservations office to be able to guarantee an accessible room at a customer=s request. Defendant shall also require the hotel to maintain a list of updated available accessible rooms.

Defendant shall develop an evacuation plan that seeks to accommodate people with disabilities in the event of an emergency.

15. Plaintiffs Peter Spalluto and Access 4 All, Inc. herein agree that in addition to the release of the Defendant Iroquois Hotel, LLC as explained in paragraph 7 herein, Plaintiffs also agree that based on Defendant's good faith representation to maintain not only the Iroquois Hotel, but also the following three hotels (Chandler Hotel, the Belleclaire Hotel, and the Washington Jefferson Hotel) owned by the same individual Shimmie Horn, or an entity in which he has an interest, in compliance with the ADA and without barriers to access, that Plaintiffs Peter

Spalluto and Access 4 All, Inc. hereby release and discharge the additional three hotels named herein, and their owner Shimmie Horn, or an entity in which he has an interest, from any and all claims and causes of action which they have had or may claim to have arising under the Americans With Disabilities Act, for ADA violations at the three additional hotels.

SIGNATURES:

Parties:

PLAINTIFFS:

Access 4 All, Inc.

By:_____

Date:_____


Peter Spalluto

_____

Date:_____



DEFENDANT:

Iroquois Hotel, L.L.C.

By: _[signature]_____

Date: 6/11/08_____


3887-NY Consent Decree only -- A COPY IN WORD FOR WINDOWS (jl 6-6-08).doc